BRADLEY, Judge
(concurring specially).
I concur in the result.
In view of the Alabama cases cited above it is my opinion that we have no alternative but to conclude that no rights had “vested” in the pension plan in controversy because the plan was compulsory and the participants therein had no choice whether to be covered by the plan or not be covered by it. The employees’ pension rights not being vested, the provisions of Act No. 226, supra, were subject to change by the legislature.
Such a result, I submit, is unreasonably harsh. A person could work for the prescribed number of years in a covered job, retire as authorized by the law, and, after a few years of drawing the stated benefits, suddenly find himself without a pension, or find that the pension had been drastically reduced in amount. To me, such an occurrence would be grossly unfair to the covered employee.
Because of the possibility of such an event happening, a growing number of states have decided that a compulsory pension plan will be non-vested only during the period required for the fulfillment of the conditions necessary to qualify for a pension. See 52 A.L.R.2d 437, § 2(c). After the requirements for a pension are fulfilled, the employee’s pension rights become vested and cannot be changed. To me, this is the more equitable solution to the problem.
HOLMES, J., concurs.